UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BRIDGEPORT DIVISION



BETTE JEANIE PLANT,

by her Next Friend,

CHERYL R. BAITY,    Civil Action No. 3:25-cv-01229-OAW

    Plaintiff,

v.

BRADFORD E. COOK, et al.,

    Defendants.

------------------------------------------------x

PLAINTIFF'S EMERGENCY MOTION FOR APPOINTMENT OF PRO BONO COUNSEL AND FOR REFERRAL TO THE COURT'S PRO BONO PROGRAM

Plaintiff Bette Jeanie Plant, by her Next Friend Cheryl R. Baity, respectfully moves for an Order appointing pro bono counsel, or, in the alternative, immediately referring this matter to the District of Connecticut's pro bono program / panel for placement with volunteer counsel.

This Motion is filed on an emergency basis because Plaintiff is an elderly primary lifetime

beneficiary who alleges she has been deprived of mandatory trust support for more than four years,

faces ongoing and escalating financial harm, and cannot meaningfully litigate without counsel.

In support, Plaintiff states as follows:

1. Plaintiff is an elderly woman and the primary lifetime beneficiary (and co-trustee) of the David W. Plant trust structure at issue. Plaintiff alleges she has been denied mandatory support and access to information and records concerning trust administration.

2. Plaintiff is not represented by counsel. Plaintiff's age, health vulnerability, and financial deprivation make it functionally impossible for her to litigate this matter without counsel.

3. The claims and requested relief are complex and high-stakes, involving multiple institutional defendants, voluminous financial records, fiduciary duties, banking conduct, and overlapping state and federal issues. The litigation requires sophisticated motion practice and evidentiary presentation that a pro se elderly plaintiff cannot reasonably perform.

4. Plaintiff has made extraordinary efforts to obtain counsel. Over several years, Plaintiff and her family contacted a very large number of attorneys in New Hampshire and surrounding states, and Plaintiff remained unrepresented for a substantial portion of prior proceedings. Plaintiff's inability to secure counsel has been exacerbated by the very financial deprivation alleged in this case.

5. Plaintiff's request is not speculative. The evidentiary record has already been largely organized and prepared. A sworn affidavit has been submitted describing that the

document organization and evidentiary preparation are substantially complete, allowing counsel to focus immediately on legal strategy and courtroom advocacy rather than months of preliminary sorting and collection.

6. Appointment of counsel (or immediate referral to the Court's pro bono program) will materially assist the Court by ensuring orderly presentation of the record, compliance with procedural rules, and efficient resolution of urgent issues, including requests for injunctive relief and expedited accounting.

7. Plaintiff respectfully requests that the Court:
   (a) appoint pro bono counsel for Plaintiff; or, at minimum,
   (b) immediately refer this matter to the District of Connecticut's pro bono program/panel for placement with volunteer counsel; and
   (c) grant any other relief the Court deems just to ensure Plaintiff can be heard on the merits without being procedurally overwhelmed due to age, disability, and lack of funds.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion.

Dated: December 19, 2025
Darien, Connecticut


Respectfully submitted,

*Bette Jean Plant*

BETTE JEANE PLANT,
by her Next Friend,
CHERYL R. BAITY

By: /s/ Cheryl R. Baity

Cheryl R. Baity (Next Friend)

77 West Ave.

Darien, CT 06820

Telephone: (203) 970-0602

Email: CherylBaity@gmail.com

EMERGENCY MOTION FOR APPOINTMENT OF COUNSEL

FOR INDIGENT ELDERLY PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BRIDGEPORT DIVISION

BETTE JEANIE PLANT,

by her Next Friend,

CHERYL R. BAITY,             Civil Action No. 3:25-cv-01229-OAW

    Plaintiff,

v.

BRADFORD E. COOK, et al.,

    Defendants.

------------------------------------------------------------x

EMERGENCY MOTION FOR APPOINTMENT OF COUNSEL

FOR INDIGENT ELDERLY PLAINTIFF

    Plaintiff Bette Jeanie Plant, an 89-year-old primary lifetime beneficiary and co-trustee of the David W. Plant Trust, by her Next Friend Cheryl R. Baity, respectfully moves this Court for an order appointing pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) and the Court's inherent authority, and states as follows:

1.     Plaintiff is an elderly woman suffering severe financial deprivation,

medical vulnerability, and prolonged litigation abuse arising from the total cutoff of mandatory trust distributions.

2. Plaintiff has been deprived of access to her own trust funds for more than four years, rendering her effectively indigent and unable to retain private counsel.

3. Plaintiff was unrepresented for approximately eighty percent (80%) of related proceedings in New Hampshire due to Defendants' actions, conflicts created by Defendants' law firms, and the intentional starvation of Plaintiff's financial resources.

4. Plaintiff has contacted, directly or through advocates, more than one hundred attorneys across New Hampshire, Connecticut, New York, and Massachusetts. All declined representation due to conflicts, fear of retaliation, or lack of access to trust funds.

5. This action involves extraordinarily complex issues, including:
   a. fiduciary misconduct;
   b. trust and estate fraud;
   c. elder financial exploitation;
   d. interstate jurisdictional manipulation;
   e. accounting fraud and phantom tax liability;
   f. violations of constitutional due process.

6. Plaintiff is physically unable to litigate this matter herself. Her Next Friend has severe physical limitations and cannot continue without counsel.

7. Defendants are represented by major law firms and institutional counsel. Absent appointment of counsel, Plaintiff has no meaningful ability to prosecute this case or respond to motions.

8. Appointment of counsel is necessary to prevent irreparable harm, ensure fundamental fairness, and preserve this Court's jurisdiction over Plaintiff's constitutional and statutory claims.

9. This Motion is made on an emergency basis because Plaintiff is currently without sufficient funds for basic living expenses and medical care.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Appoint pro bono counsel to represent Plaintiff forthwith;
B. Stay briefing deadlines until counsel is appointed;
C. Grant such other and further relief as the Court deems just and proper.

Dated: December 19, 2025
Darien, Connecticut

Respectfully submitted,

/s/ Cheryl R. Baity

Cheryl R. Baity

77 West Ave.

Darien, CT 06820

Tel. (203) 970-0602

Email: CherylBaity@gmail.com

Next Friend of Bette Jeanie Plant

(Pro se)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BRIDGEPORT DIVISION

BETTE JEANIE PLANT,

by her Next Friend,

CHERYL R. BAITY,   Civil Action No. 3:25-cv-01229-OAW

    Plaintiff,

v.

BRADFORD E. COOK, et al.,

    Defendants.

------------------------------------------------------X

## EMERGENCY MOTION FOR APPOINTMENT OF COUNSEL
## FOR INDIGENT ELDERLY PLAINTIFF

Plaintiff Bette Jeanie Plant, an 89-year-old primary lifetime beneficiary and co-trustee of the David W. Plant Trust, by her Next Friend Cheryl R. Baity, respectfully moves this Court for an order appointing pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) and the Court's inherent authority, and states as follows:

1. Plaintiff is an elderly woman suffering severe financial deprivation, medical vulnerability, and prolonged litigation abuse arising from the total cutoff of mandatory trust distributions.

2. Plaintiff has been deprived of access to her own trust funds for more than four years, rendering her effectively indigent and unable to retain private counsel.

3. Plaintiff was unrepresented for approximately eighty percent (80%) of related proceedings in New Hampshire due to Defendants' actions, conflicts created by Defendants' law firms, and the intentional starvation of Plaintiff's financial resources.

4. Plaintiff has contacted, directly or through advocates, more than one hundred attorneys across New Hampshire, Connecticut, New York, and Massachusetts. All declined representation due to conflicts, fear of retaliation, or lack of access to trust funds.

5. This action involves extraordinarily complex issues, including:
    a. fiduciary misconduct;
    b. trust and estate fraud;
    c. elder financial exploitation;
    d. interstate jurisdictional manipulation;
    e. accounting fraud and phantom tax liability;
    f. violations of constitutional due process.

6. Plaintiff is physically unable to litigate this matter herself. Her Next Friend has severe physical limitations and cannot continue without counsel.

7. Defendants are represented by major law firms and institutional counsel. Absent appointment of counsel, Plaintiff has no meaningful ability to prosecute this case or respond to motions.

8. Appointment of counsel is necessary to prevent irreparable harm, ensure fundamental fairness, and preserve this Court's jurisdiction over Plaintiff's constitutional and statutory claims.

9. This Motion is made on an emergency basis because Plaintiff is currently without sufficient funds for basic living expenses and medical care.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Appoint pro bono counsel to represent Plaintiff forthwith;
B. Stay briefing deadlines until counsel is appointed;
C. Grant such other and further relief as the Court deems just and proper.

Dated: December 19, 2025
Darien, Connecticut

Respectfully submitted,

*/s/ Cheryl R. Baity*

Cheryl R. Baity

77 West Ave.

Darien, CT 06820

Tel. (203) 970-0602

Email: CherylBaity@gmail.com

Next Friend of Bette Jeanie Plant

(Pro se)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BRIDGEPORT DIVISION

BETTE JEANIE PLANT,

by her Next Friend,

CHERYL R. BAITY,   Civil Action No. 3:25-cv-01229-OAW

    Plaintiff,

v.

BRADFORD E. COOK, et al.,

    Defendants.

-------------------------------------------------------x

PLAINTIFF'S EMERGENCY MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

AND FOR REFERRAL TO THE COURT'S PRO BONO PROGRAM

Plaintiff Bette Jeanie Plant, by her Next Friend Cheryl R. Baity, respectfully moves for an

Order appointing pro bono counsel, or, in the alternative, immediately referring this matter to the

District of Connecticut's pro bono program / panel for placement with volunteer counsel.

This Motion is filed on an emergency basis because Plaintiff is an elderly primary lifetime beneficiary who alleges she has been deprived of mandatory trust support for more than four years,

faces ongoing and escalating financial harm, and cannot meaningfully litigate without counsel.

In support, Plaintiff states as follows:

1. Plaintiff is an elderly woman and the primary lifetime beneficiary (and co-trustee) of the

    David W. Plant trust structure at issue. Plaintiff alleges she has been denied mandatory

    support and access to information and records concerning trust administration.

2. Plaintiff is not represented by counsel. Plaintiff's age, health vulnerability, and financial

    deprivation make it functionally impossible for her to litigate this matter without counsel.

3. The claims and requested relief are complex and high-stakes, involving multiple

    institutional defendants, voluminous financial records, fiduciary duties, banking conduct,

    and overlapping state and federal issues. The litigation requires sophisticated motion

    practice and evidentiary presentation that a pro se elderly plaintiff cannot reasonably

    perform.

4. Plaintiff has made extraordinary efforts to obtain counsel. Over several years, Plaintiff and

    her family contacted a very large number of attorneys in New Hampshire and surrounding

states, and Plaintiff remained unrepresented for a substantial portion of prior proceedings.

Plaintiff's inability to secure counsel has been exacerbated by the very financial deprivation alleged in this case.

5. Plaintiff's request is not speculative. The evidentiary record has already been largely organized and prepared. A sworn affidavit has been submitted describing that the document organization and evidentiary preparation are substantially complete, allowing counsel to focus immediately on legal strategy and courtroom advocacy rather than months of preliminary sorting and collection.

6. Appointment of counsel (or immediate referral to the Court's pro bono program) will materially assist the Court by ensuring orderly presentation of the record, compliance with procedural rules, and efficient resolution of urgent issues, including requests for injunctive relief and expedited accounting.

7. Plaintiff respectfully requests that the Court:
   (a) appoint pro bono counsel for Plaintiff; or, at minimum,
   (b) immediately refer this matter to the District of Connecticut's pro bono program/panel for placement with volunteer counsel; and
   (c) grant any other relief the Court deems just to ensure Plaintiff can be heard on the merits without being procedurally overwhelmed due to age, disability, and lack of funds.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion.

Dated: December 19, 2025

Darien, Connecticut

Respectfully submitted,

BETTE JEANIE PLANT,

by her Next Friend,

CHERYL R. BAITY

*Cheryl R Baity*
By: /s/ Cheryl R. Baity

Cheryl R. Baity (Next Friend)

77 West Ave.

Darien, CT 06820

Telephone: (203) 970-0602

Email: CherylBaity@gmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BRIDGEPORT DIVISION

BETTE JEANIE PLANT,

by her Next Friend,

CHERYL R. BAITY,                Civil Action No. 3:25-cv-01229-OAW

    Plaintiff,

v.

BRADFORD E. COOK, et al.,

    Defendants.

----------------------------------------------------------x

[PROPOSED] ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

Upon consideration of Plaintiff's Emergency Motion for Appointment of Pro Bono Counsel, it is hereby ORDERED:

1. The Motion is GRANTED to the extent the Court will refer this matter for placement with pro bono counsel through the Court's pro bono program/panel.

2. The Clerk is directed to transmit this Order and the docket materials to the appropriate pro bono coordinator/program for review and placement.

3. The Court reserves decision on any other relief requested