UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BETTE JEAN PLANT,
    Plaintiff,

v.

BRADFORD E. COOK, et al.,
    Defendants.

**Civil Action No. 3:25-cv-01229-OAW**

**NOTICE REGARDING DISMISSAL OF CONNECTICUT DEFENDANT
AND PRESERVATION OF DIVERSITY JURISDICTION**

Plaintiff Bette Jean Plant, by her daughter and Next Friend Cheryl R. Baity, respectfully submits this Notice to explain the dismissal of the Connecticut-domiciled defendant from this action and to clarify the jurisdictional basis for proceeding.

**I.    DISMISSAL TO PRESERVE DIVERSITY JURISDICTION**

The Amended Complaint omits [NAME OF CT DEFENDANT], a Connecticut-domiciled defendant included in the original filing. This dismissal is made voluntarily to preserve complete diversity of citizenship under 28 U.S.C. § 1332.

Plaintiff Bette Jean Plant is a citizen of Connecticut. The remaining defendants are citizens of New Hampshire. Complete diversity now exists.

This Court has subject matter jurisdiction under:

(a) 28 U.S.C. § 1331 (federal question jurisdiction over RICO claims under 18 U.S.C. § 1961 et seq.);

(b) 28 U.S.C. § 1332 (diversity jurisdiction, amount in controversy exceeds $75,000); and

(c) 18 U.S.C. § 1965 (RICO venue where defendants transact affairs or where the ends of justice require).

**II.    CONDUCT OF DISMISSED DEFENDANT REMAINS RELEVANT TO JURISDICTION AND VENUE**

Although [NAME OF CT DEFENDANT] has been dismissed as a party, the conduct of that individual remains directly relevant to this Court's jurisdiction and venue analysis. Specifically, conduct attributable to the enterprise and its agents caused harm to Plaintiff in

Connecticut, establishing the required nexus between the alleged RICO conspiracy and this forum.

**Connecticut-Based Harm.** The conspiracy's effects were not limited to New Hampshire. As part of a coordinated campaign of intimidation and retaliation against Plaintiff and her Next Friend, law enforcement actions were directed at residences in Connecticut, including:

- SWAT team raids on the Connecticut residences of Mrs. Bette Jean Plant and Mrs. Cheryl R. Baity;

- Coordinated law enforcement activity designed to intimidate and terrorize an elderly beneficiary and her advocate; and

- Retaliatory conduct intended to suppress legitimate efforts to investigate and expose the underlying fraud.

This conduct demonstrates that the conspiracy's harmful effects extended into Connecticut, causing direct injury to Plaintiff in this district. Under 18 U.S.C. § 1965(a), venue is proper where a defendant "resides, is found, has an agent, or transacts his affairs." Under § 1965(b), venue is also proper wherever "the ends of justice require" when defendants reside in multiple districts.

The ends of justice require that this case proceed in Connecticut because:

(a) Plaintiff, a 91-year-old resident of Connecticut, suffered and continues to suffer harm in this district;

(b) The conspiracy directed intimidation and retaliatory conduct at Connecticut residences;

(c) The New Hampshire Attorney Discipline Office has demonstrated an inability or unwillingness to investigate allegations against attorneys at dominant New Hampshire firms; and

(d) No adequate remedy exists in New Hampshire, as documented in Plaintiff's supplemental filing regarding exhaustion of state administrative remedies.

### III. PERSONAL JURISDICTION OVER NEW HAMPSHIRE DEFENDANTS

The conduct directed at Connecticut residences also supports personal jurisdiction over the New Hampshire defendants. Under Connecticut's long-arm statute, Conn. Gen. Stat. § 52-59b, and the minimum contacts analysis of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), personal jurisdiction exists where defendants have purposefully directed tortious conduct at the forum state.

The SWAT team raids and intimidation campaign directed at Connecticut residences constitute tortious conduct purposefully directed at this forum. The defendants knew that the Plaintiff and her Next Friend resided in Connecticut. The harmful effects of the conspiracy were intended to be felt in Connecticut. This satisfies the "effects test" for specific personal jurisdiction. See Calder v. Jones, 465 U.S. 783 (1984).

## IV. CONCLUSION

The dismissal of the Connecticut defendant preserves complete diversity while the underlying conduct establishes this Court's jurisdiction and the propriety of venue in this district. The conspiracy caused direct harm in Connecticut through coordinated intimidation and retaliatory conduct directed at Plaintiff's residence. This Court is the proper forum for resolution of Plaintiff's claims.

Respectfully submitted,

_____
Cheryl R. Baity
Next Friend for Bette Jean Plant
77 West Avenue
Darien, CT 06820
Email: cherylbaity@gmail.com

Dated: January 7, 2026