UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BETTE JEAN PLANT,

Plaintiff,

v. Civil Action No. 3:25-cv-01229-OAW

BRADFORD E. COOK, et al.,

Defendants.

COVER SHEET FOR FILING

Document Title: Response to Order to Show Cause (ECF No. 25)

Filed by: Cheryl Baity (Movant; non-attorney; Plaintiff's daughter)

Date: January 28, 2026

Related filing submitted concurrently: Motion to Seal Limited Medical Exhibit for In Camera

Review; Proposed Order

---

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BETTE JEAN PLANT,

Plaintiff,

v. Civil Action No. 3:25-cv-01229-OAW

BRADFORD E. COOK, et al.,

Defendants.

RESPONSE TO ORDER TO SHOW CAUSE

(ECF No. 25)

Movant Cheryl Baity, daughter of Plaintiff Bette Jean Plant, respectfully submits this Response

to the Court's January 8, 2026 Order to Show Cause (ECF No. 25). This Response is filed on

January 28, 2026, within the time permitted by the Court.

Movant is a non-attorney. Movant does not contend that she may prosecute this action, appear as

counsel, or litigate the merits on behalf of Plaintiff. To the extent any prior filing could be read to

suggest otherwise, Movant respectfully apologizes to the Court and clarifies that any such

implication was inadvertent. Movant withdraws any reliance on "next friend" or any other theory

of non-attorney representation and seeks only the curative, court-managed procedure

contemplated by Federal Rule of Civil Procedure 17(c)(2).

This Response is confined to the threshold issues identified by the Court: the existence of any

parallel state proceeding, the representation issue under Rule 17, and subject-matter jurisdiction,

personal jurisdiction, and venue. It is not intended to litigate the merits.

Information concerning Plaintiff's current medical condition and functional limitations, to the

extent relevant to Rule 17(c)(2), has been submitted under seal by separate motion for the

Court's in camera review. The sealed submission provides sufficient information for the Court to

determine whether Rule 17(c)(2) protection is warranted without requiring public disclosure of

sensitive medical facts.

## I. NO PARALLEL OR PENDING NEW HAMPSHIRE PROCEEDING

There is no parallel or pending proceeding in New Hampshire concerning the claims or relief sought in this action.

The New Hampshire proceeding referenced in the operative complaint was concluded by final decision in 2025 and is closed. No trust administration, probate matter, guardianship, or related litigation remains pending in any New Hampshire court. References to that prior matter are included solely as historical background and factual context.

Because there is no ongoing state proceeding, abstention doctrines predicated on parallel litigation are inapplicable.

## II. RULE 17(c)(2) REQUIRES PROTECTIVE ACTION BEFORE DISMISSAL

Plaintiff is presently unrepresented. The sealed submission before the Court provides credible, verifiable information raising a substantial question as to Plaintiff's present ability to protect her interests in this litigation.

Under those circumstances, Federal Rule of Civil Procedure 17(c)(2) authorizes and requires the Court to consider protective measures before taking dispositive action that would terminate the case while Plaintiff remains unrepresented. Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201–02 (2d Cir. 2003); Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009).

Movant does not seek appointment as guardian ad litem. Movant respectfully requests appointment of an independent guardian ad litem, or entry of another appropriate protective

order under Rule 17(c)(2), together with a short, Court-managed schedule for the implementation of that protection.

With the assistance of forensic accounting resources, tax accountants, attorneys, and legal support professionals, Movant has assembled more than four years of records in organized digital and paper form, ready for immediate transfer to a guardian ad litem and retained counsel. This is a document-intensive, procedurally complex matter that is prepared to proceed efficiently once representation is in place.

Plaintiff alleges that the David W. Plant Irrevocable Marital Trust is a support trust established for her lifetime financial security, and that she is its primary lifetime beneficiary and a co-trustee. Plaintiff further alleges that, notwithstanding that structure, the other co-trustee has acted unilaterally by approving and paying substantial professional fees and litigation expenses from the Marital Trust in connection with litigation against Plaintiff, while simultaneously denying Plaintiff access to the distributions and funds intended for her support.

Plaintiff further alleges that she is presently subjected to a complete information blackout concerning the Marital Trust and related plan assets. Plaintiff alleges she is denied access to monthly, quarterly, and annual bank statements and other basic financial records reflecting trust activity, as though she does not exist, and that this blackout is maintained to conceal trust transactions and expenditures made without her consent and contrary to her rights as co-trustee and lifetime beneficiary.

Plaintiff further alleges that this deprivation has effectively denied her the ability to retain counsel using the very funds intended for her benefit, while those same funds are being used to

finance litigation against her. Plaintiff alleges that this creates a non-neutral and irreparable risk that a support trust created to provide for her care and living expenses will be depleted to fund litigation against her before a guardian ad litem and counsel can appear.

Movant requests appointment of an independent guardian ad litem so that a neutral fiduciary can (i) obtain and review trust accountings and records necessary to protect Plaintiff's interests, (ii) evaluate and pursue appropriate access to trust funds intended for Plaintiff's support, and (iii) report to the Court on next steps, including whether retention of counsel requires limited interim relief.

III. SUBJECT-MATTER JURISDICTION, PERSONAL JURISDICTION, AND VENUE

A. Subject-matter jurisdiction

The operative complaint asserts civil claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, and seeks relief under 18 U.S.C. § 1964(c). The Court therefore has federal-question jurisdiction under 28 U.S.C. § 1331. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985); Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143 (1987).

The Court may exercise supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367 because they derive from the same nucleus of operative facts. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

This action does not ask the Court to probate a will, administer an estate, or assume in rem control over property in the custody of any probate court. The probate exception is narrow and

inapplicable where, as here, Plaintiff seeks in personam relief for alleged wrongful conduct. Marshall v. Marshall, 547 U.S. 293, 311–12 (2006); Lefkowitz v. Bank of N.Y., 528 F.3d 102, 106 (2d Cir. 2007).

B. Personal jurisdiction

At this threshold stage, Plaintiff relies on suit-related conduct connecting Defendants to Connecticut itself, not merely to a Connecticut resident. Walden v. Fiore, 572 U.S. 277, 284–85 (2014). The operative complaint alleges intentional, forum-directed conduct with foreseeable effects in Connecticut, consistent with Calder v. Jones, 465 U.S. 783, 789–90 (1984).

Plaintiff alleges that Defendants directed communications and trust-administration decisions into Connecticut with knowledge that Plaintiff resides here and that the brunt of the injury would be felt here. Plaintiff further alleges that distributions intended to support her in Connecticut were stopped beginning on or about August 30, 2021, despite Defendants' knowledge that Plaintiff depended on those distributions to fund her care and living expenses in Connecticut.

Plaintiff also alleges Connecticut-centered financial harm arising from tax consequences caused by Defendants' administration decisions. Plaintiff alleges that the Marital Trust was structured as the primary, tax-efficient source of her lifetime support, but that distributions were halted, forcing her to fund Connecticut living and care expenses through withdrawals from her personal IRA trust, a materially more tax-burdensome source. Plaintiff further alleges that she received federal tax bills for dividend income attributed to the Marital Trust during periods in which she received no distributions from that trust.

Plaintiff further alleges that, in the New Hampshire proceeding, the presiding judge stated on the record that the court lacked jurisdiction over Plaintiff's Connecticut bank account, yet Defendants nevertheless pursued discovery and obtained an award of $19,200 in legal fees/sanctions tied to that Connecticut-account dispute, seeking payment from Connecticut-based funds. Plaintiff alleges that Defendants then treated payment of that fee award as a precondition to restoring or permitting Plaintiff's access to distributions and benefits from the David W. Plant Irrevocable Marital Trust. This is suit-related conduct connected to Connecticut itself, not merely effects felt by a Connecticut resident. Walden, 572 U.S. at 284–85.

Taken as true at this stage, these allegations establish a prima facie basis for specific personal jurisdiction consistent with due process.

C. Venue

Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims, and the injury, occurred in this District. Plaintiff resides in this District, the alleged deprivation of support was felt here, and the financial and tax consequences of Defendants' conduct were borne here.

IV. REQUEST FOR LIMITED ADMINISTRATIVE FILINGS PENDING RULE 17 PROTECTION

Until a guardian ad litem and counsel appear, Movant respectfully requests that the Court permit Movant to file only such limited notices or status reports as are necessary to comply with deadlines and to facilitate implementation of the Court's Rule 17(c)(2) order. Movant does not seek authority to litigate the merits or to take substantive action on Plaintiff's behalf.

## V. REQUESTED RELIEF

For the foregoing reasons, Movant respectfully requests that the Court:

1.  Decline to dismiss the action at this stage;

2.  Enter an appropriate protective order under Federal Rule of Civil Procedure 17(c)(2), including appointment of an independent guardian ad litem;

3.  Set a short, date-certain schedule for (a) the guardian ad litem's appointment, and (b) a prompt status report addressing (i) access to trust records and accountings, (ii) steps taken to secure Plaintiff's access to funds intended for her benefit, and (iii) whether limited interim relief is necessary to make counsel retention feasible;

4.  Permit limited administrative filings by Movant as described above until a guardian ad litem and counsel appear; and

5.  Grant such other relief as the Court deems just and proper.

Dated: January 28, 2026

Respectfully submitted,

*Cheryl R Baity*

Cheryl Baity

77 West Ave.

Darien, CT 06820

Telephone: (203) 970-0602

Email: Cherylbaity@gmail.com

_____

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BETTE JEAN PLANT,

Plaintiff,

v. Civil Action No. 3:25-cv-01229-OAW

BRADFORD E. COOK, et al.,

Defendants.

## MOTION TO SEAL LIMITED MEDICAL EXHIBIT FOR IN CAMERA REVIEW

Movant Cheryl Baity respectfully moves for an order permitting the filing under seal of a limited medical exhibit submitted solely to assist the Court's Rule 17(c)(2) determination. The exhibit is offered for the Court's in camera review only.

The exhibit contains sensitive medical information and functional-limitations information concerning Plaintiff. Public filing is unnecessary to resolve the threshold issues presented by the Court's Order to Show Cause and would risk misuse of private medical information. The requested sealing is narrowly tailored to one limited exhibit and is sought only to protect Plaintiff's privacy while enabling the Court to evaluate whether Rule 17(c)(2) protection is warranted.

Movant requests entry of the accompanying Proposed Order.

Dated: January 28, 2026

Respectfully submitted,



Cheryl Baity

77 West Ave.

Darien, CT 06820

Telephone: (203) 970-0602

Email: Cherylbaity@gmail.com

---

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BETTE JEAN PLANT,

Plaintiff,

v. Civil Action No. 3:25-cv-01229-OAW

BRADFORD E. COOK, et al.,

Defendants.

PROPOSED ORDER

Upon consideration of Movant Cheryl Baity's Motion to Seal Limited Medical Exhibit for In Camera Review, and for good cause shown, it is hereby ORDERED that the motion is GRANTED.

The Clerk is directed to maintain under seal the exhibit submitted in support of the Motion, designated "Exhibit 1," and to restrict access to the Court.

SO ORDERED at Hartford, Connecticut, this ___ day of January, 2026.

_____

Omar A. Williams

United States District Judge

_____

Exhibit 2 Cover Sheet (Public filing)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BETTE JEAN PLANT,

Plaintiff,

v. Civil Action No. 3:25-cv-01229-OAW

BRADFORD E. COOK, et al.,

Defendants.

**EXHIBIT 2**

NEW HAMPSHIRE FINAL DECISION / CLOSURE DOCUMENTS

At the hearing, Attorney Lyon, on behalf of Trustee Cook, reported to the Court that no payments had been made to the Trust as of the date of the hearing.  There was no direct communication between the Trustee and Mrs. Plant.  Trustee Cook testified as Petitioner that he had no animosity toward Mrs. Plant, nor is he attempting to cause her discomfort.  His request for fees was in order to facilitate enabling the other beneficiaries to be made whole following Mrs. Plant's refusal to comply with the Court's discovery orders.

That said, Trustee Cook represented to the Court that it was not in the Trusts' best interest to "drag it out." He suggested that the Court order that it enter judgment in favor of the Trust(s), authorize the Trustee to attempt to collect on that judgment in Connecticut.  He then requested that the Court close the file.

As a result of the discussion at the Hearing, and request of the Trustee, the Court ENTERS the following ORDERS:

- As noted in prior Orders, see Order dated February 17, 2025 (Index #172), final default was entered against Mrs. Plant due to a refusal to timely respond to certain of the Petitioner's interrogatories and requests for production after specifically being ordered to do so by the Court.  The Court imposed sanctions against Mrs. Plant, including an Order directing her to pay attorneys fees and expenses incurred by the Trust(s) in seeking discovery.

- As discussed in prior Orders of the Court, no substantive issues remain to be litigated in this matter with the resolution of all issues raised in the *Trustee's Petition for Instructions and For Emergency Order to Make Distribution to Beneficiary, and for Determination of Status of Co-Trustee, or In the Alternative, Removal of Co-Trustee, Pursuant to NHRSA 564-B:2-201 and NHRSA 564-B:7-707(a) and (b).* See Index #1; see also Order dated February 17, 2025 at 2.  That order has now reached final judgment.  As such, a judgement of $19,220.00 on behalf of the Trustee is entered against Mrs. Plant.  The Trustee is authorized take that judgment and attempt to collect on it in Connecticut where Mrs. Plant resides.

- As noted *supra*, all substantive issues raised in the *Petition* have been resolved.  At the request of the Trustee/Petitioner, **the Court will close the file.**

**So Ordered.**

7 - 15 - 25
_____
Date

_____
Hon. Beth H. Kissinger, Judge

2

In re: David W. Plant Irrevocable Trust and David W. Plant 2002 Family Trust
Case No. 316-2023-EQ-01633

**Exhibit 3 Cover Sheet (Public filing)**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BETTE JEAN PLANT,

Plaintiff,

v. Civil Action No. 3:25-cv-01229-OAW

BRADFORD E. COOK, et al.,

Defendants.

\

EXHIBIT 3

DOCUMENTATION REGARDING TERMINATION OF DISTRIBUTIONS

*Exhibit A*

# SHEEHAN PHINNEY

Boston • Concord • Manchester • Portsmouth • Upper Valley

Bradford E. Cook, Esq.
Direct Dial: 603-627-8110
bcook@sheehan.com

Reply to:  Manchester Office
1000 Elm Street, PO Box 3701
Manchester, NH 03105-3701

September 9, 2021

Beneficiaries of the David Plant Family Trust and David Plant Irrevocable Trust

Ladies and Gentlemen,

Due to the various claims in the Petition for Guardianship filed in the Circuit Court Probate Division for Merrimack County, and various claims and allegations which apparently have been made by certain beneficiaries of the above-captioned trusts as to how funds distributed on a regular basis from the trusts to the Mascoma Bank account of Mrs. Plant have been spent in the past, and in order to be sure that all expenditure of funds on behalf of Mrs. Plant and any other beneficiaries are appropriate, I informed those in attendance at the court hearing yesterday of the following:

1. Effective immediately, no regular distributions from the trusts will be made by Ledyard Bank to the Mascoma Bank account. Ledyard Bank officials informed me yesterday afternoon that they had implemented this change.
2. As this change in no way is intended to cut any beneficiary off from necessary support as provided in the trust documents, it will be necessary for requests for specific payments to be made to me with sufficient advance notice so bills can be paid in a timely manner. I shall then consider the requests and pay them directly to the providers, unless they require further explanation or appear to be inappropriate.
3. This process will continue in force until there is resolution of the court proceeding by decision or an agreement by the parties in mediation which provides a different arrangement for payments consistent with the terms of the trusts and acceptable to the trustees.
4. These rules apply only to distributions from the trusts, and not to any other income received by Mrs. Plant from Social Security or her IRA, which are personal assets which it is my understanding will be controlled and decided by the temporary guardian over her assets as provided in the court order, when that person is located and assumes control of those assets.

Should anyone have any questions, please contact me directly or through counsel.

Sincerely,

Bradford E. Cook
Trustee

Exhibit 4 Cover Sheet (Public filing)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BETTE JEAN PLANT,

Plaintiff,

v. Civil Action No. 3:25-cv-01229-OAW

BRADFORD E. COOK, et al.,

Defendants.

EXHIBIT 4

LEGAL FEES//SANCTIONS ORDER RELATING TO CONNECTICUT BANK ACCOUNT

Exhibit 5 Cover Sheet (Public filing)

charged by Attorney Lyon was $300 per hour, which is well-within the range of fees customarily charged by attorneys litigating complex trust and estate matters in New Hampshire and may well be on the low-end of the range. Attorney Shirley, a long-time New Hampshire lawyer, and Shareholder at Sheehan Phinney, did not charge for his time, and the Court, having reviewed countless billing statements, finds that his hourly rate likely significantly exceeds that of Attorney Lyon. However, when both were consulting on matters herein, only the lower rate charged by Attorney Lyon was recorded for purposes of sanction. The Trustee, although himself a lawyer, did not seek reimbursement at the hourly rate for legal services ($525) but at a lower rate of $200. He billed only for ten hours of work. The Court finds the rates charged by Attorney Lyon and the Trustee reasonable.

Accordingly, based upon the record before it,[5] the Court concludes that the fees sought are reasonable. It GRANTS the *Petitioner's Amended Motion for Attorney's Fees and Costs*. See Index #154. Mrs. Plant shall remit the $19,220 in fees and expenses to the Trust within sixty (60) days of the date of this Order.

**So Ordered.**

February 17, 2025
Date

*Beth H*
Judge Beth H. Kissinger

---

[5] The Court, in review of the invoices submitted, does not find them unduly vague. Indeed, during this time-period, the failure to produce discovery was the overriding, if not sole, dispute actively litigated before the Court.

4