MAY 28 2026 PM3:01
FILED - USDC - BPT - CT

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT — HARTFORD DIVISION

*450 Main Street, Hartford, CT 06103 | Clerk's Office, Room 261*

## FILING COVER SHEET — PRO SE PLAINTIFF

**Case Number:** 3:25-cv-01229-OAW

**Case Caption:** Bette Jean Plant v. Bradford E. Cook, et al.

**Presiding Judge:** Honorable Omar A. Williams, U.S. District Judge

**Date of Filing:** May 28, 2026

**Pro Se Plaintiff:**

Mrs. Bette Jean Plant, 1 Parklands Drive, Unit 105, Darien, Connecticut 06820

**Documents Filed Herewith:**

Plaintiff's Status Report in Response to the Court's Order of April 30, 2026 (ECF No. 43); Notice of Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i); Companion Letter of the Plaintiff; Verification under 28 U.S.C. § 1746; and Certificate of Service.

**Respectful Requests to the Clerk:**

Please date-stamp and docket the enclosed filing in the above-captioned action, and please return a date-stamped courtesy copy of the first page for the Plaintiff's records. Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), the voluntary dismissal is effective by operation of law upon filing of the Notice.

**Filing Fee:**

None required for a Rule 41(a)(1)(A)(i) Notice of Voluntary Dismissal. Civil filing fee of $405.00 was paid on August 1, 2025 (Receipt No. BPT-173652).

**Filing submitted on behalf of the pro se Plaintiff by:**

*Daniella Pierre*

**Daniella Pierre**

*(non-attorney, not a party; not appearing in this case)*

MAY 28 2026 PM3:02
FILED - USDC - BPT - C

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT (HARTFORD)

BETTE JEAN PLANT,

     Plaintiff,

v.

BRADFORD E. COOK; SHEEHAN PHINNEY

BASS & GREEN, P.A.; SUSAN M. RENAUD;

LEDYARD NATIONAL BANK; and BAKER

NEWMAN NOYES, LLC,

     Defendants.

Case No. 3:25-cv-01229-OAW

Honorable Omar A. Williams

United States District Judge

*Filed: May 28, 2026*

---

**STATUS REPORT OF MRS. BETTE JEAN PLANT, PRO SE,
IN RESPONSE TO THE COURT'S ORDER OF APRIL 30, 2026 (ECF NO. 43),
AND NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE
PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i),
WITH ACCOMPANYING COMPANION LETTER**

I am Bette Jean Plant. I am ninety-one years old. I am the plaintiff in this case. This Status Report is my answer to the Court's Order of April 30, 2026, which directed me, by today, either to have a lawyer file an appearance for me or to tell the Court why I do not have one. I answer the Court's questions below, one at a time. The way this Status Report was prepared is explained in Question 4.

## PART I.  ANSWERS TO YOUR HONOR'S QUESTIONS

**Your Honor's Question 1.** *Have I been adjudicated incompetent in any jurisdiction?*
    **My Answer.** No. No court has ever found me incompetent. I want the record to reflect what actually happened with the prior matters, because Your Honor's Order describes them in terms that do not match the truth.

On September 8, 2021, an involuntary guardianship was entered against me in New Hampshire. I was living in Connecticut at the time. I was not present at the hearing. No medical evidence was placed before the court in support of the petition. My request for a continuance so that I could be present was not

granted. My civil liberties were taken from me overnight. It cost me hundreds of thousands of dollars in legal fees to get out from under that guardianship.

When the New Hampshire orders were then transferred with prejudice to Connecticut, I was forced to enter a short-term voluntary conservatorship in Connecticut to retain any control over my own affairs. I withdrew that voluntary conservatorship in 2022. No guardian or conservator has been in place for me since. No court has ever adjudicated me incompetent. My neurologist's letter, which Your Honor cited, does not say I am incapacitated.

**Your Honor's Question 2.** *Am I competent to direct my own case?*
**My Answer.** Yes. I am competent to make the decisions in this case, and I am making them today. The years of court fights have hurt my health, and my neurologist has written that the stress of this litigation has made me physically worse. At ninety-one I am not able to go through years more of court fights.

**Your Honor's Question 3.** *Am I appearing in this case personally?*
**My Answer.** Yes. I appear in this case in my own name, by this Status Report. The substance of what is said here is what I asked be said to this Court.

**Your Honor's Question 4.** *How was this Status Report prepared, given my age and circumstances?*
**My Answer.** I am ninety-one years old, and I do not work at a computer. To prepare this Status Report, I answered questions from Daniella Pierre, and Daniella put my answers together into the document you are reading. Daniella is not a member of my family. She is not a lawyer. She is not appearing in this case. She has not given me legal advice. Every part of this filing has been read back to me. The substance of what is said, and the decisions stated here — to appear in this case myself, and to withdraw the case — are mine. I have reviewed this filing and I approve what is in it.

**Your Honor's Question 5.** *Will anyone be appearing on my behalf as next friend, guardian, attorney-in-fact, or conservator?*
**My Answer.** No. No one is appearing for me. No one is representing me. I am here on my own.

**Your Honor's Question 6.** *I need to correct one statement in Your Honor's Order.*

**My Answer.**  Your Order says I was "completely absent" from the New Hampshire proceedings. That is not accurate. I appeared in person at several hearings in the New Hampshire trust case. Mr. Cook's lawyers questioned me at length in open court, and I answered every question clearly. It was clear from my answers that I understood the proceedings and the facts being asked about. For most of those New Hampshire hearings I had no lawyer — for the same reasons I have no lawyer in this Court today.

**Your Honor's Question 7.**  *Why has no attorney filed an appearance for me?*
      **My Answer.**  My family contacted one hundred eighty-six attorneys for me. Every one of them said no.

It is common sense why. I am a ninety-one-year-old widow living in assisted living. I am running out of money. Every month I have to choose between paying my rent and saving toward a retainer. The only way I can reach the funds my husband left me for my care is through the defendants in this case — the same people who have been using my own trust funds to sue me in New Hampshire — and they have blocked me from those funds. What attorney is going to take that case?

None of the one hundred eighty-six declined because they thought my case had no truth in it. They said no because of my age; because I cannot pay a retainer; because the other side is three major New Hampshire law firms and a bank who hold my own money; because the small New Hampshire probate bar all know each other; and because a case this large is hard for them to insure and to staff.

I asked this Court for the three things that might have broken this circle: a temporary restraining order to release a small part of my own trust money so I could pay a retainer; a protective order; and a temporary pro bono lawyer. All three were denied. I respect each of those rulings. The result is that I cannot reach my own money without a lawyer, and I cannot get a lawyer without my own money.

Meanwhile, those same defendants have spent two years using my own trust funds to pay the lawyers suing me in New Hampshire, and they continue to do so. They have also cut off my access to my own trust statements and accounting — a complete information blackout that prevents me from identifying what other disbursements are being made from my own funds. I have filed four separate

motions for an accounting of my own trust in the New Hampshire courts. Every one was denied, even though I am the primary beneficiary of the trust. I have no funds to pay anyone to defend me, and no way to stop them from spending more of my own money against me.

This is where the system has no answer for someone in my position. I respectfully do not see what other path it leaves open to a ninety-one-year-old widow.

**Your Honor's Question 8.** *Why was this case brought in this Court and not in New Hampshire?*
**My Answer.** Because the harm came into Connecticut, where I live. The defendants reached across state lines into my home in this State: they caused communications to be made to the Connecticut Department of Social Services, and they caused a raid upon my apartment. That cross-state conduct in my own State is what placed this case in this federal Court.

As for New Hampshire, the docket there speaks for itself: thirty-two of my motions have been denied, while every motion brought by the opposing side has been granted. That record made New Hampshire impracticable for the claims I bring here.

**Your Honor's Question 9.** *Without a lawyer, what will I do now?*
**My Answer.** I am withdrawing this case without prejudice under Rule 41(a)(1)(A)(i) because no attorney has agreed to represent me. The formal notice is set out in Part II below.

## PART II.  NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(1)(A)(i)

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff Bette Jean Plant, appearing pro se, hereby voluntarily dismisses the above-captioned action without prejudice as to all defendants.

No defendant has filed an answer or a motion for summary judgment. This is my first voluntary dismissal of these claims in any state or federal court. The two-dismissal rule of Federal Rule of Civil Procedure 41(a)(1)(B) does not apply, and the dismissal is therefore without prejudice. The dismissal is effective

upon the filing of this Notice; no order of this Court is required to give it effect. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 397 (1990); Thorp v. Scarne, 599 F.2d 1169, 1175-76 (2d Cir. 1979).

## PART III.  RELIEF I RESPECTFULLY REQUEST

I respectfully ask this Court to accept this Status Report and the Notice of Voluntary Dismissal as my response to the Court's Order of April 30, 2026, and to give effect to the voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Thank you for the dignity with which this Court has considered my filings.

Respectfully submitted,

Bette, Jean Plant

Bette Jean Plant, Plaintiff Pro Se
*Widow of David W. Plant, Esq., Former Managing Partner, Fish & Neave*
1 Parklands Drive, Unit 105
Darien, Connecticut 06820
Dated: May 28, 2026

## COMPANION LETTER OF THE PLAINTIFF

*Filed with the foregoing Status Report and Notice of Voluntary Dismissal*

I am Bette Jean Plant. I am ninety-one years old. I am the widow of David W. Plant, former managing partner of Fish & Neave in New York. I am the sole lifetime beneficiary of the marital trust my husband created for my care, and Bradford E. Cook is my co-trustee. I write because I am sickened to be forced to dismiss this case, and I want my legacy to be that no other widow is made a defendant in her own husband's trust. Eight attorneys from three New Hampshire firms forged the language of my husband's trust to erase me from it, putting false words into his own writing so that the marital trust he created for my lifetime care would appear not to exist.

For nine years after my husband's death, this trust supported me. In September 2021, every distribution stopped. Instead, my own trust funds have been weaponized to pay the eight New Hampshire lawyers suing me, while I am placed under a complete financial blackout — denied statements, accountings, or access to funds to defend myself. As detailed in my accompanying Status Report, one hundred eighty-six attorneys have declined to represent me because of this impossible catch-22: to reach my money I need a lawyer; to hire a lawyer I need my money. Without counsel, I cannot prosecute a complex civil fraud case at ninety-one years old. Dismissal under Rule 41(a)(1)(A)(i) is not the outcome I wanted; it is the only option the system has left open to me. I am dismissing without prejudice so that my claims stay alive for the day a lawyer is able to take them up.

My son Keith Baity was prohibited from seeing me for the last four years of his life before he passed away last March. No court can ever make right the damages that have been done to my life and to my family. I do not write for myself. I write so this Court will see the loophole that allowed the very lawyers entrusted to protect me to lock me out of my own resources — and so that it will be closed, before another widow is buried beneath it.

Thank you for the dignity with which the Court has considered my filings.

Respectfully,

_Bette Jean Plant_

Bette Jean Plant, Plaintiff Pro Se

Dated: May 28, 2026

## VERIFICATION UNDER 28 U.S.C. § 1746

I, Bette Jean Plant, declare under penalty of perjury under the laws of the United States of America that the substance of the foregoing Status Report, Notice of Voluntary Dismissal, and Companion Letter is true and correct to the best of my knowledge, that I have reviewed and approved all of it, and that the decisions stated in it — including the decision to withdraw this action — are my own. I am competent to make this verification. Executed on May 28, 2026, in Darien, Connecticut.

_Bette Jean Plant_

Bette Jean Plant, Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I, Bette Jean Plant, hereby certify under 28 U.S.C. § 1746 that on May 28, 2026, true and correct copies of the foregoing Status Report, Notice of Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), and Companion Letter were served upon counsel of record for each defendant by first-class United States mail, postage prepaid, addressed as follows:

> **James L. Brawley, Esq.**
> Megan DeFrank, Esq.
> (address per ECF docket)
> *Counsel for Defendants Bradford E. Cook and Sheehan Phinney Bass & Green, P.A.*
>
> **Monte E. Frank, Esq.**
> Pullman & Comley, LLC
> 850 Main Street, P.O. Box 7006
> Bridgeport, CT 06601-7006
> *Counsel for Defendants Susan M. Renaud and Ledyard National Bank*
>
> **Sean McAuliffe, Esq.**
> Pullman & Comley, LLC
> 90 State House Square
> Hartford, CT 06103-3702
> *Counsel for Defendants Susan M. Renaud and Ledyard National Bank*
>
> **Ryan Giggi, Esq.**
> 185 Asylum Street, Sixth Floor
> Hartford, CT 06103
> *Counsel for Defendant Baker Newman Noyes, LLC*

Executed on May 28, 2026, in Darien, Connecticut.

_Bette Jean Plant_

Bette Jean Plant, Plaintiff Pro Se